IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No. 09-cr-00531-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. KALEB MATLACK,

    Defendant.

## ORDER

THIS MATTER is before the Court on the Government's Amended Motion for Reconsideration filed April 27, 2010. The motion seeks reconsideration of my ruling of April 23, 2010, which granted in part a motion in limine filed by Defendant. Specifically, the motion was granted as to the request that the Government be required to prove that Defendant "knowingly" "has been convicted in any court" of an offense and denied in all other respects. The Government submitted a supplement to its motion on April 28, 2010. Defendant filed a "Reply" on May 12, 2010, which is technically a "response" to the Government's motion and will be construed that way. The Government filed a reply on May 14, 2010. For the reasons stated below, the Government's Amended Motion for Reconsideration is denied.

I first address the standard of review of the Government's motion. The Government did not articulate under what authority the Court might entertain its motion to reconsider. Such a motion is not recognized by either the Federal Rules of Criminal Procedure or the

Federal Rules of Civil Procedure. Other District Courts from this Circuit have relied on the standards for evaluating a motion to reconsider in the civil context. *See, e.g., United States v. D'Armond*, 80 F. Supp. 2d 1157, 1170 (D. Kan. 1999). In civil cases, courts have "permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981). "The decision whether to grant or deny a motion to reconsider is committed to the court's sound discretion." *D'Armond*, 80 F. Supp. 2d at 1171 (citing *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988)).

I agree with Defendant that the Government presents new facts and arguments for the first time in its motion that could have been raised before in the initial briefing. This is inappropriate. *See Servants of the Paraclete*, 204 F.3d at 1012; *D'Armond*, 80 F. Supp. 2d at 1170. As the court in *D'Armond* stated, "'[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.'" *Id.*, 80 F. Supp. 2d at 1170 (quotation omitted). "A court's rulings 'are not intended as first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Id.* at 1171 (quotation omitted).

Nonetheless, even considering the Government's new arguments I find that the motion should be denied. The Government first argues that my Order is flawed because it relies upon incomplete facts. More specifically, the Government seeks reconsideration of my decision because it "is based primarily upon its analysis of the particular facts of this

case", its "factual statement relies entirely upon documents tendered by the defendant in support of his motion", that "these materials were selectively chosen", and that I "did not consider important state court documents detailing the defendant's guilty plea and subsequent deferred sentence." The Government argues that if the Court is going to deviate from established Tenth Circuit law based upon the facts and circumstances of this case, then it should consider all of the facts and circumstances, not just those favorable to Defendant.

The problem with the Government's argument is that the documents or portions of documents it refers to in its motion and supplement to the motion were tendered to the Court for the first time in connection with the request for reconsideration. All of these documents could have been previously tendered to the Court in connection with the initial briefing or the hearing before the Court. Indeed, the Government even had an opportunity after the hearing and before my Order was issued to provide this information as it filed a brief with the Court during that time frame. For whatever reason the Government chose not to submit this information. Thus, if I issued my Order on what the Government views as an incomplete factual record, then it is nobody's fault but the Government's. This alone is a ground to deny this argument.

Moreover, my review of these new documents provided by the Government does not support revision or reconsideration of my Order. For example, the Government provides documents showing that Defendant was on notice that he was prohibited from possessing firearms, at least without written permission of the Court, and that this was a condition of his deferred sentence. However, the issue is not whether Defendant knew he

was prohibited from possessing firearms but whether he knew he had, in fact, suffered a conviction, as discussed in my Order. The Government also provides a couple of state court documents that refer to a conviction. However, the Government has not shown that Defendant ever saw or had notice of the contents of these documents. This would be an issue the jury would need to resolve.

Next the Government argues in its motion that the Court "changed the elements of 18 U.S.C. § 922(g)(1)", disregarded established Tenth Circuit law ,and "created new law" by holding that the Government must prove at trial that Defendant "knew he was previously convicted of a felony." (Am. Mot. for Reconsideration at 1.) More specifically, it takes issue with the Court's alleged disregard of the rulings in *United States v. Capps,* 77 F.3d 350 (10th Cir. 1996) and other Tenth Circuit precedent which hold that knowledge of the conviction is not a required element. The Government asserts that the Court "believes that Defendant's assertion of ignorance as to the collateral legal consequences of his guilty plea, *i.e.*, that a deferred sentence qualified as a conviction under Colorado law, was an error of fact that requires a change in the established elements of § 922(g)(1)" and that this analysis is flawed. (Am. Mot. for Reconsideration at 3.) That is because what Defendant is really arguing, according to the Government, is that he did not know that his deferred sentence qualified as a conviction and what the legal consequences of his guilty plea were, *i.e.*, that he was unaware of the law surrounding deferred sentences and convictions and federal firearms laws. The Government contends that this is the same argument the Tenth Circuit disposed of in *Capps* and that two cases are indistinguishable.

I reject the Government's argument. First, I did not disregard Tenth Circuit law in my Order. As the Order makes clear, I specifically considered applicable Tenth Circuit precedent, including the *Capps* decision, and found that it did not address the situation in this case, where a Defendant did not know of an actual fact that subjected him to criminal liability. Second, I found, and continue to find, the *Capps* case distinguishable from this case. Capps knew that he was convicted but argued ignorance of the law regarding that conviction, *i.e.*, whether he could obtain firearms. That is different from the situation here, where Defendant has presented evidence to support his argument that he was repeatedly told he was avoiding a conviction and thus did not believe he had suffered a conviction. While Defendant may also have been ignorant of the law, that is not the issue presented in the case. In short, the Government has not convinced me that my Order on this issue was erroneous or in violation of the law.[1]

The Government also argues that the elements of an offense do not change based upon the circumstances of each individual case. I agree that the elements of a crime do not depend on the facts of a particular case. However, that is not what Defendant argued or what my Order found. Instead, Defendant argued and I found that principles of statutory

---

[1] The only other case I feel I must address is the Tenth Circuit's opinion in *United States v. Rodriguez*, 63 Fed. Appx. 458 (10th Cir. 2003), which the Government did not cite in its initial briefing. I find that this case does not require reconsideration of my prior ruling. The defendant in that case argued that the evidence presented at trial was insufficient to support his firearm conviction as he did not know he had a felony conviction at the time he possessed the firearm. *Id.* at 460. The Tenth Circuit rejected the argument, stating that such knowledge is not an essential element of § 922(g)(1) and citing to *Capps*. *Id.* Defendant was proceeding pro se as defense counsel had filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which permits counsel who considers an appeal wholly frivolous to advise the court of that fact and withdraw as counsel. It is impossible to determine from the *Rodriguez* opinion whether there was actually evidence that supported Defendant's position or what arguments that he made on appeal. Thus, there is no way to determine if the Tenth Circuit actually addressed the issues raised in my Order. Further, the case is unpublished and, as such, has no precedential value.

interpretation and constitutional jurisprudence require the Government to prove that Defendant knew the fact he has suffered a conviction.

I agree, however, that the unique circumstances of this case led to my ruling, since I found that Defendant "presented a viable argument that he did not have knowledge of the very fact of conviction." (Order of April 23, 2010, at 23.) I believe that would be true in any case where a similar argument was presented and supported. However, in most cases under § 922(g)(1) this dispute will not exist as the defendant will know he had been previously convicted. In limiting my ruling to the circumstances of this case, I merely recognized that the vast majority of defendants who are prosecuted under the statute will find little to no value in this ruling. In other words, I recognized that my ruling has limited practical applicability to most cases prosecuted under the statute. *See United States v. Kitsch*, No. 03-594-01, 2008 WL 2971548 at *5 (E.D. Pa. Aug. 1, 2008) ("While the class of people who have been convicted of a felony, but to whom knowledge of that fact cannot be imputed, is small, the facts averred in this case demonstrate that it is not nonexistent.").

The Government also argues that the Supreme Court case of *District of Columbia v. Heller*, 128 S.Ct. 2783 (2008) does not effect 18 U.S.C. § 922(g)(1) or its elements. I acknowledge that *Heller* expressly stated that it did not alter longstanding prohibitions on the possession of firearms by felons. *Id.*, 128 S. Ct. at 2816-17. I also acknowledge that the Tenth Circuit has rejected post-*Heller* constitutional challenges to § 922(g)(1), as argued by the Government. *See United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009). However, Defendant did not argue and I did not rule on the facial constitutionality of § 922(g) and my Order did not in any way invalidate § 922(g)(1) in reliance in same.

Instead, the Order merely found that the new *mens rea* requirements must be interpreted in light of *Heller.* (Order at 21.) The Government has not provided any persuasive reason for me to reconsider this or any other portion of my Order of April 23, 2010.

Finally, I note that Defendant's response states that if the Court reconsiders its ruling as requested by the Government, Defendant makes a cross-motion fo reconsideration of his as-applied due process challenge. Since I am denying the Government's Motion for Reconsideration, this issue is moot.

Based upon the foregoing, it is

ORDERED that the Government's Amended Motion for Reconsideration (doc. # 38 filed April 27, 2010) is **DENIED**. It is

FURTHER ORDERED that on or before **Friday, July 9, 2010,** counsel shall jointly contact my Chambers at (303) 844-2170 to set this case for trial.

Dated: July 1, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge