**FILED**
United States Court of Appeals
Tenth Circuit

September 7, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

UNITED STATES OF AMERICA,

Petitioner.

No. 10-1354
(D.C. No. 1:09-CR-00531-WYD-1)
(D. Colo.)

---

**ORDER**

---

Before **LUCERO**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

---

This matter is before the court on the Government's petition for a writ of mandamus in its prosecution of Kaleb Matlack under the felon-in-possession statute, 18 U.S.C. § 922(g)(1). The Government asks us to vacate the district court's order of April 22, 2010, which holds that in order to convict Mr. Matlack, the Government must prove that he had knowledge of his predicate felony conviction. We deny relief.

The familiar standard governing use of the writ is set forth in *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180 (10th Cir. 2009).

> [A] writ of mandamus is a drastic remedy, and is to be invoked only in extraordinary circumstances.
>
> . . . [It] is used only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the

> invocation of this extraordinary remedy. Therefore, we will grant a writ only when the district court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute usurpation of power.

*Id.* at 1186 (internal citations and quotation marks omitted). The Government must show that it has "no other adequate means to attain . . . relief" and that its right to the writ is "clear and indisputable." *Id.* at 1187 (internal quotation marks omitted). It must also convince us that issuance of the writ would be an appropriate exercise of our discretion. *Id.* This last factor is particularly important here given the strict limitations placed on the Government's right of appeal in a criminal case. *See* 18 U.S.C. § 3731 (limiting appeals by the United States to three specified categories of district court orders). Although "we do not categorically preclude the use of mandamus to review any and all criminal rulings," the writ "may not be used to circumvent the policies effectuated by the restrictive provisions of § 3731." *Id.* We acknowledge that our decision today likely means the challenged order will go unreviewed. Nonetheless, the Government has not persuaded us that mandamus is appropriate. Its petition is therefore DENIED.

Respondent's motion to substitute counsel is granted.

Entered for the Court,

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT
OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

September 07, 2010

Douglas E. Cressler
Chief Deputy Clerk

Mr. Richard A. Hosley
Mr. James C. Murphy
Mr. Jeremy S. Sibert
Office of the United States Attorney
District of Colorado
1225 17th Street, Suite 700
Denver, CO 80202

**RE:**   10-1354, In Re: United States
District docket: 1:09-CR-00531-WYD-1

Dear Counsel:

Enclosed please find an order denying the petition issued today by the court.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc:   Jill M. Wichlens

EAS/ao